[No. H029791. Sixth Dist. Dec. 20, 2006.]

BRYAN SHISLER, Plaintiff and Appellant, v.
SANFER SPORTS CARS, INC., Defendant and Respondent.

COUNSEL

Scott R. Kaufman and Kevin Faulk for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter and Henry A. Wirta, Jr., for Defendant and Respondent.

OPINION

**PREMO, J.**—Plaintiff Bryan Shisler is a California resident. Defendant Sanfer Sports Cars, Inc., is a Florida corporation that maintains its principal place of business in Miami, Florida. Plaintiff sued defendant in California on causes of action arising out of the purchase of a used car that plaintiff saw advertised on defendant's Web site. The trial court granted defendant's motion to quash service of summons for lack of personal jurisdiction. We shall affirm.

## I. BACKGROUND

Defendant is in the business of selling new and used automobiles. Defendant's only physical place of business is in Miami, Florida and its principal clientele are residents of Southern Florida. Defendant was incorporated in Florida in 1973. The company has never owned or leased property in California, has never directly advertised in the state, and has never intentionally targeted any California resident as a potential buyer or seller of an automobile. Over the course of 32 years in business defendant has sold about 44,800 vehicles; fewer than 10 of those have been sold to persons living in California. The company maintains a Web site that is accessible to anyone in the world with access to the Internet. The Web site does not target California residents.

In or about June 2004, plaintiff saw a 2002 BMW M5 advertised on defendant's Web site. The Web site stated that defendant shipped vehicles "worldwide." Plaintiff wrote to and telephoned defendant to inquire about the vehicle and he ultimately decided to purchase it. The contract for sale of the

vehicle was prepared in Florida and mailed to plaintiff in California. Although defendant's Web site allegedly included a credit application, plaintiff did not avail himself of defendant's financing service; he arranged for his own financing. When plaintiff asked defendant about shipping arrangements defendant sent him a list of shipping companies from which he could choose. Plaintiff engaged a shipping company recommended by defendant. It is undisputed that title to the vehicle passed to plaintiff when the shipper took possession of the vehicle in Florida.

When the car arrived in California it was not as plaintiff had expected it to be. Plaintiff communicated with defendant, seeking to remedy the problem. When those negotiations failed plaintiff filed this lawsuit. Plaintiff's complaint alleges violation of the California Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat., § 501.201 et seq.), and common law fraud and misrepresentation causes of action. Although he filed suit in California, plaintiff specifies in his complaint that the action will be governed by Florida law because "the transaction . . . occurred partially in Florida."

Defendant moved to quash service of the summons on the grounds that defendant lacked minimum contacts with the State of California. The trial court granted the motion and plaintiff now appeals.

## II. Discussion

The sole issue before us is whether the trial court could lawfully exercise personal jurisdiction over defendant, a Florida corporation.

■ The rule is that California courts may exercise personal jurisdiction "on any basis consistent with the Constitutions of California and the United States." (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 [127 Cal.Rptr.2d 329, 58 P.3d 2] (*Pavlovich*).) "In order to satisfy due process requirements, the defendant must have 'minimum contacts' with the forum state such that the maintenance of the suit 'does not offend the "traditional notions of fair play and substantial justice." ' " (*F. Hoffman-La Roche, Ltd. v. Superior Court* (2005) 130 Cal.App.4th 782, 795 [30 Cal.Rptr.3d 407], quoting *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 66 S.Ct. 154].)

■ Personal jurisdiction may be either general or specific. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445 [58 Cal.Rptr.2d 899, 926 P.2d 1085] (*Vons*).) "The nature and the quality of the defendant's contacts determine whether jurisdiction, if exercised, is general or specific. General jurisdiction exists when a defendant is domiciled in the

forum state or his activities there are substantial, continuous, and systematic." (*F. Hoffman-La Roche, Ltd. v. Superior Court, supra,* 130 Cal.App.4th at p. 796.) Where the contacts are sufficiently substantial, continuous, and systematic, it is not necessary that the cause of action alleged be connected with the defendant's business relationship to the forum. (*Vons, supra,* 14 Cal.4th at p. 445.) However, "contacts that are random, fortuitous, or attenuated do not rise to the minimum level, and general jurisdiction cannot be exercised under these circumstances." (*F. Hoffman-La Roche, Ltd. v. Superior Court, supra,* 130 Cal.App.4th at p. 795.)

■ If a defendant's contacts with the forum state are not substantial, continuous, and systematic, the defendant may be subject to specific jurisdiction. "A court may exercise specific jurisdiction over a nonresident defendant only if: (1) 'the defendant has purposefully availed himself or herself of forum benefits' [citation]; (2) 'the "controversy is related to or 'arises out of'" [the] defendant's contacts with the forum" ' [citation]; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' [Citation.]." (*Pavlovich, supra,* 29 Cal.4th at p. 269.)

■ When a defendant challenges personal jurisdiction, the plaintiff has the burden to prove, by a preponderance of the evidence, the factual basis for the exercise of jurisdiction. (*Vons, supra,* 14 Cal.4th at p. 449.) Where, as here, the jurisdictional facts are undisputed, the question of jurisdiction is a purely legal question and, therefore, is subject to de novo review. (*Ibid.*)

### A. *General Jurisdiction*

■ General jurisdiction is proper only where the defendant's contacts in the forum are continuous and systematic. Continuous and systematic contacts include such activities as maintaining an office and employees in the forum, use of forum bank accounts, and the marketing or selling of products in the forum state. (*Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 415 [80 L.Ed.2d 404, 104 S.Ct. 1868].) Defendant has no physical presence in California, is not registered to do business here, and has never intentionally directed its marketing efforts to California residents. Plaintiff contends that defendant "has sold vehicles in California for as long as thirty-two years." But the sale of 10 vehicles to California residents out of a total of more than 40,000 vehicles over a period of 32 years in business is hardly continuous and systematic contact. Furthermore, there is no evidence that any of those 10 sales took place in California.

Plaintiff argues that defendant's maintenance of an "interactive" Web site that pursues California residents is sufficient to support general jurisdiction. But the only evidence in the record related to the Web site is that plaintiff first

saw the vehicle advertised on the Web site, that the site states that defendant has been in business for over 30 years and ships "worldwide," and that the Web site is maintained in Florida. Plaintiff's papers in opposition to the motion to quash point out that the Web site includes a credit application page, a fact that defendant seems to concede. But although plaintiff includes a reference to the Web site address, there is no authenticated evidence in the record from which one can determine what the Web site looks like nor whether it is actually interactive as opposed to merely providing a form to use when applying for financing.[1] In any event, defendant contends that there is no reference to California on the Web site other than in the drop-down menu on the credit form where California appears on the list of 50 states. Plaintiff does not dispute this representation. Even if the Web site is as represented, there is no evidence that it established the continuous, systematic contact with California necessary to trigger general jurisdiction.

## B. *Specific Jurisdiction*

Plaintiff contends that defendant's use of fax, telephone, United States mail, e-mail and its "interactive" Web site to communicate with plaintiff and negotiate the sale of the vehicle is sufficient to establish the first prong of the test for specific jurisdiction, i.e., to show that defendant "purposely availed" itself of contact with California. *Pavlovich* explained that the purposeful availment prong is only satisfied when the defendant " 'purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on' his contacts with the forum." (*Pavlovich, supra,* 29 Cal.4th at p. 269, quoting *U.S. v. Swiss American Bank, Ltd.* (1st Cir. 2001) 274 F.3d 610, 623–624.) *Pavlovich* rejected the holding of *Janmark, Inc. v. Reidy* (7th Cir. 1997) 132 F.3d 1200, which was that the forum state could exercise jurisdiction over a nonresident defendant *solely* because the injury occurred in the forum state. (*Pavlovich, supra,* 29 Cal.4th at p. 272.) *Pavlovich* held that in order to establish personal jurisdiction over the nonresident defendant the plaintiff must proffer "evidence of express aiming or intentional targeting." (*Id.* at p. 273.)

In evaluating Internet activity for jurisdictional purposes *Pavlovich* adopted the sliding scale test: " 'At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the

---

[1] The Oxford English Dictionary defines "interactive" in this context as: "Pertaining to or being a computer or other electronic device that allows a two-way flow of information between it and a user, responding immediately to the latter's input." (8 Oxford English Dict. (2d ed. 1989), p. 1086.

knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [Citation.] At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. [Citation.] The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.' " (*Pavlovich, supra*, 29 Cal.4th at p. 274, quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* (W.D.Pa. 1997) 952 F.Supp. 1119, 1124.)

*Pavlovich* observed that the Web site at issue in its case merely contained information, had no interactive features, and did not target California. Thus, the defendant's posting of offending material on the Web site was not enough, by itself, to subject him to jurisdiction in California. *Pavlovich* explained that creating a Web site, like placing a product into the stream of commerce, may be felt nationwide but without more it is not an act *purposefully directed* toward the forum state. If it were, personal jurisdiction in Internet-related cases would almost always be found in any forum in the country, contrary to long-settled principles of personal jurisdiction. (*Pavlovich, supra*, 29 Cal.4th at pp. 274–275, citing *Cybersell, Inc. v. Cybersell, Inc.* (9th Cir. 1997) 130 F.3d 414, 418 and *GTE New Media Services Inc. v. BellSouth Corp.* (D.C. Cir. 2000) 339 U.S. App. D.C. 332 [199 F.3d 1343, 1350].)

In this case, defendant's Web site merely advertised its vehicles and (presumably) included a credit application. There is no evidence that files were exchanged via the Web site or that any business was actually conducted via the site. As plaintiff explained in his declaration, he "wrote to and phoned" defendant to get more information and to negotiate the purchase. Nor is there evidence that anything about the Web site specifically targeted California residents. Thus, defendant's maintenance of the Web site alone is insufficient to establish personal jurisdiction.

Citing *Hall v. LaRonde* (1997) 56 Cal.App.4th 1342, 1344 [66 Cal.Rptr.2d 399], plaintiff claims that defendant's use of mail, e-mail, or telephone to negotiate the purchase of the vehicle creates the necessary minimum contacts. *Hall* is distinguishable. There the parties, a New York defendant and a California plaintiff, had a continuing relationship. That relationship included the ongoing payment of royalties by the defendant to the plaintiff. There is no evidence of any such relationship in this case. Although there were an unknown number of communications between the parties in this case, there is no evidence that this was anything other than a one-time transaction. Further,

there is no evidence that defendant ever expressly reached out to California in search of this or any other business opportunity. After the vehicle left defendant's business in Florida, defendant's only further contact with plaintiff concerned the dissatisfaction that led to the instant lawsuit. There was no ongoing business relationship.

We conclude that the evidence does not establish the "purposeful availment" prong of the test for specific jurisdiction. It follows that plaintiff did not carry his burden and the motion to quash was properly granted.

### III. DISPOSITION

The order of the superior court granting defendant's motion to quash service of summons is affirmed.

Rushing, P. J., and Elia, J., concurred.