JOAN BERNARD ARMSTRONG, Chief Judge.
|,The plaintiff, Lantson[1] E. Eldred, a citizen of California, appeals a summary judgment granted by the trial court dismissing his claims against the defendant, Sally Fleming, a citizen of Louisiana. For the reasons that follow, we affirm the judgment of the trial court.
On April 26, 2002, Mr. Eldred brought suit against Ms. Fleming in Civil District Court for the Parish of Orleans (CDC), No. 02-6743, to make executory in Louisiana a 2001 judgment he had obtained in the Superior Court for the State of California, County of Riverside, in Proceeding No. INC 019498. On August 28, 2003, Ms. Fleming brought a counter-suit against Mr. Eldred in the CDC proceeding, to declare the foreign judgment null on the basis of lack of in personam jurisdiction and to nullify Mr. Eldred’s petition on the basis of fraud or ill practices, and for damages. Mr. Eldred filed a dilatory exception of improper cumulation of actions, which the trial court granted, allowing Ms. Fleming to sever her claims for relative nullity and damages by amending her original petition, and granting her leave to bring the claims in a new proceeding. Ms. Fleming subsequently complied with the trial court’s ruling, filing a petition, bearing CDC [2No. 07-8460, for relative nullity, damages, and attorney’s fees, encompassing the severed claims, and an amended petition and/or reconventional demand and third party petition to declare the foreign judgment null on the basis of lack of in personam jurisdiction. The latter amended petition contained only the claims of absolute nullity of the California Judgment and domesticated Louisiana judgment. Mr. Eldred filed an exception of lack of subject matter jurisdiction to the recon-ventional demand, and exceptions of lack of jurisdiction and prescription to the severed claims. By Order dated December 21, 2007, No. 07-8460 was transferred to the CDC division where 02-6743 was then pending. The trial court denied Mr. El-dred’s exception of lack of subject matter jurisdiction by judgment rendered on January 4, 2008 and signed on January 8, 2008[2], and consolidated the two actions by Order dated March 6, 2008. On February 28, 2008, Mr. Eldred applied to this Court for supervisory review of the trial court’s denial of his exceptions of lack of subject matter jurisdiction and prescription. On March 24, 2008, this Court denied the writ[3], holding:
*435 We find no error in the trial court’s judgment denying Relator’s [Mr. El-dred’s] exceptions of lack of subject matter jurisdiction and lack of jurisdiction and prescription. Accordingly, Relator’s application for supervisory writ is denied.
In January 2010, Ms. Fleming moved for summary judgment, representing that there are no genuine issues of material fact as to the dispositive issue that the California court lacked in personam jurisdiction over her, making the California judgment an absolute nullity. The trial court granted the motion for summary judgment, nullifying absolutely the California default judgment and the subsequent I.^domesticated judgment Mr. Eldred obtained in Orleans Parish. The trial court further annulled and vacated the California judgment domesticated in Orleans Parish nunc pro tunc from the date of the default judgment, and ordered the Recorder of Mortgages for Orleans Parish to cancel and erase immediately the judgment entered by the trial court on April 26, 2002, and recorded on July 12, 2002 in Book No. 3688, Folio 361, bearing Mortgage Instrument No. 660964. The trial court granted Mr. Eldred’s motion for a suspensive appeal, upon his posting a $25,000.00 bond. The said bond was received by the Clerk of the trial court by receipt # 39885 dated April 13, 2010, and verified by the deputy clerk of court on April 15, 2010.
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Insurance Company v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La.Code Civ. Proc. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an | .absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Proc. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.Code Civ. Proc. art. 967; Townley v. City of Iowa, 97-493, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
The following facts were established by Ms. Fleming’s sworn affidavit, submitted in support of her motion for summary judgment:
*436 1. Ms. Fleming is and was at all relevant times a major, resident and domiciliary of the State of Louisiana.
2. Ms. Fleming is the former owner of 821-823 Governor Nicholls Street in New Orleans (the Property).
3. Daniel Resnic, a resident of the State of California, acted independently and was at no time given authority to act as Ms. Fleming’s agent or in any other way on her behalf.
4. Mr. Resnic was not authorized to enter into agreements on her behalf.
5. Under the terms of her agreement with Mr. Resnic, Ms. Fleming had the right to approve the terms of any lease entered into on the Property.
6. Ms. Fleming did not pledge to oversee or control Mr. Resnic’s work.
7. There was no understanding on Ms. Fleming’s part that Mr. Resnic would advertise the rental of the Property exclusively in California.
]fi8. Ms. Fleming has never resided in or been employed in California.
9. Ms. Fleming has never engaged in any action designed to avail herself of the legal protections of California.
10. Ms. Fleming received no payment from Mr. Resnic or Mr. Eldred, except for Mr. Eldred’s check payable to her in the amount of $75.00, representing payment of a fraction of the utility bills incurred in connection with his occupation of the Property.
11. Ms. Fleming and Mr. Resnic were named defendants in an action brought by Mr. Eldred on October 6, 2000, in the Superior Court of the State of California, Riverside County, Indio Branch.
12. In that complaint, Mr. Eldred erroneously alleged that Mr. Resnic acted as Ms. Fleming’s agent.
13. On August 22, 2001, Ms. Fleming filed a motion to quash service for lack of in personam jurisdiction in the California court.
14. In the motion to quash, Ms. Fleming denied Mr. Eldred’s allegation that Mr. Resnic was her agent, and asserted that there was no basis for holding her subject to the jurisdiction of the California court.
15. Ms. Fleming telephoned the California court and was informed that her motion to quash was set for hearing on November 7, 2001.
16. The hearing did not take place on November 7, 2001, but on October 11, 2001 a hearing was held in the California court and on November 7, 2001, a default judgment was entered into the court’s record.
17. Ms. Fleming received no notice of the October 11, 2001 hearing date.
|fi18. Ms. Fleming received no service or notice of the default judgment, because notice was sent to an address in Louisiana that Mr. Eldred knew to be out-dated.
19. Mr. Eldred initiated the present suit on April 26, 2002, by filing his petition to domesticate the California default judgment.
20. The domesticated Judgment was signed that same day, April 26, 2002.
21. Mr. Eldred’s petition misstated her address as 621 Governor Nicholls, although she has never resided at that address.
22. Ms. Fleming never received service of the petition or the subsequent domesticated judgment, and discovered the existence of the domesticated judgment while perusing the public record.
23. On August 20, 2007, she filed her amended petition and/or reconventional demand alleging that the California default judgment and the domesticated judgment *437 are absolutely null for lack of in personam jurisdiction.
Ms. Fleming attached to her affidavit the following documents: (1) copy of Mr. Eldred’s California petition against Mr. Resnic, Ms. Fleming and twenty “Does”; (2) copy of Ms. Fleming’s motion to quash service for lack of in personam jurisdiction, filed by special and limited appearance in the California court; (3) copy of Ms. Fleming’s memorandum in support of her motion to quash service; (4) copy of Mr. Eldred’s request for entry of default dated November 28, 2000; (5) copy of the California default judgment; (6) copy of Mr. Eldred’s petition to make the foreign judgment executory in Louisiana; (7) copy of the domesticated judgment rendered on April 26, 2002; (8) certificate of service showing that the default judgment was mailed to Ms. Fleming at “821 Governor Nichols [sic] Street, New Orleans, LA 70116,” on August 9, 2001, by regular United States mail; (9) 17copy of California default judgment rendered in favor of Mr. Eldred and against Mr. Resnic and Ms. Fleming in the amount of $24,900.00, with proof of service of the judgment by regular United States mail on November 1, 2001; (10) CDC clerk’s certificate indicating that the petition in No.2002-6743 was mailed by Certified United States mail to Ms. Fleming at 621 Governor Nicholls Street in New Orleans, together with the envelope indicating that it was “not deliverable as addressed, unable for forward.”
Mr. Eldred filed his affidavit in opposition to Ms. Fleming’s motion for summary judgment. Mr. Eldred averred that:
1.He and a companion viewed South-ernComforts.com, a website operated by Mr. Resnic, and became interested in a property listing at 823 Governor Nicholls Street in New Orleans.
2. Mr. Resnic sent an e-mail to his companion on March 31, 2000, indicating the availability of the Property, having confirmed with the owner, Sally Fleming.
3. Upon arriving at the Property, Mr. Eldred and his companion found it was still under construction and/or renovation, and were both greeted and advised by Ms. Fleming to spend one or two nights in a small upstairs apartment to give her the opportunity to complete the work on the unit that was rented.
4. At no time did Ms. Fleming indicate that she had not authorized the offering of the unit for rental by Mr. Resnic on his website, nor did she ever deny having authorized the rental of this particular unit to Mr. Eldred.[4]
Mr. Eldred submitted the following statement of material facts that he claims are in dispute:
IrI. That Mr. Resnic operated as the agent of Ms. Fleming and was not an independent actor based upon her oral agreement with Mr. Resnic allowing him to list the Property for rent on his website;
2. Whether or not the California Court set a hearing date for the Motion to Quash filed by Ms. Fleming;
3. That Ms. Fleming authorized Mr. Resnic to confirm the approval of the lease agreement with Mr. Eldred.
It is clear and undisputed that although Ms. Fleming filed a motion to quash service for lack of in personam jurisdiction in the California proceeding, the hearing on that motion, purportedly set for November 7, 2001 was never held. Although the California court rendered a default judg- *438 merit on October 11, 2001, Ms. Fleming heard no more from either Mr. Eldred or the California court. Six months after rendition of the default judgment, Mr. El-dred sought to enforce the California judgment in this State, but used an incorrect address to obtain service on Ms. Fleming. We note that his affidavit does not dispute Ms. Fleming’s assertion that he intentionally directed service to an address he knew was incorrect. Ms. Fleming therefore had no knowledge of the default judgment or its domestication hearing, and learned of the California judgment and the Louisiana domesticated judgment by happenstance.
We find two valid bases for the trial court’s summary judgment. First, this Court’s prior ruling in No.2008-C-0233 on this Court’s docket is the law of the case and precludes our reconsideration of those issues on subsequent appeal. Reed v. St. Charles General Hosp., pp. 9-10, 08-430, 08-431, 08-570, 08-572, 08-573 (La.App. 4 Cir. 5/6/09), 11 So.3d 1138, 1145-46, writ denied, 09-1252 (La.9/18/09), 17 So.3d 979. The law of the case doctrine applies to decisions on writ ^applications as well as to judgments rendered on sus-pensive or devolutive appeals. Second, the trial court’s finding, as a matter of law, that the California court lacked in person-am jurisdiction over Ms. Fleming is clearly correct. The party seeking to invoke in personam jurisdiction, Mr. Eldred in this case, bears the burden of establishing the existence of such jurisdiction. In Mr. El-dred’s petition, filed in the California proceeding, he alleged that Ms. Fleming was a Louisiana resident and that Mr. Resnie was a California resident. He asserted a breach of contract claim based on an alleged oral agreement he entered into in April of 2000 with Mr. Resnie, who, he alleged, acted as Ms. Fleming’s agent, to rent the Property for one month.
Ms. Fleming admits that she was served personally with the petition in the California suit, but notes that she was not served with the California default judgment or the petition to domesticate that judgment in Louisiana. Furthermore, prior to entry of the default judgment, Ms. Fleming filed a motion in the California court to quash service, noting the jurisdictional defect. In her supporting memorandum, Ms. Fleming advised the California court that Mr. Eldred apparently learned of the Property through a promotion Mr. Resnie transmitted on the internet, and noted that California lacked an interest in the rental dispute among the parties.
In California, as in Louisiana, the exercise of in personam jurisdiction must be consistent with the due process safeguards provided in the state and federal constitutions. Shisler v. Sanfer Sports Cars, Inc., 146 Cal.App.4th 1254, 1258, 53 Cal.Rptr.3d 335, 337 (Cal.App. 6 Dist.2006), citing Pavlovich v. Superior Court, 29 Cal.App.4th 262, 268, 127 Cal.Rptr.2d 329, 58 P.3d 2 (2002). Constitutional due process permits a court to exercise in per-sonam jurisdiction over a foreign defendant in Ms. Fleming’s position when: (1) the defendant 110purposely has availed herself of the benefits and protections of the forum state by establishing minimum contacts with that state; and (2) the exercise of jurisdiction over the defendant will not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Sufficient minimum contacts will give rise to either specific or general jurisdiction. Revell v. Lidov, 317 F.3d 467, 470 (5th Cir.2002). The determination of whether specific or general jurisdiction exists is based on the nature and quality of the foreign defendant’s contacts with the *439 forum state. Shisler v. Sanfer Sports Cars, Inc., supra, 146 Cal.App.4th at 1258-59, 53 Cal.Rptr.3d at 337.
General jurisdiction is based on a foreign defendant’s “continuous and systematic” contacts with the forum state. Revell v. Lidov, supra. In this case, it is apparent that Ms. Fleming’s contact with California was neither continuous nor systematic. It is undisputed that she never lived in, worked in, or owned or operated a business in California. Therefore, general in personam jurisdiction over Ms. Fleming would not meet the constitutional due process standard.
Specific jurisdiction may exist when all of the following factors are present: (1) Ms. Fleming, as a foreign defendant, has performed some act or consummated some transaction within California or otherwise purposefully availed herself of the privileges of conducting activities in California, and (2) the claim arises out of or results from her forum-related activities, and (3) the exercise of jurisdiction is reasonable. See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir.2000); see also Pavlovich v. Superior Court, supra. The sole contacts alleged to support a finding of specific jurisdiction in the instant case are Mr. Resnic’s action in placing the Property on his passive website and his actions Inin contracting, perhaps with Mr. Eldred’s companion, as Ms. Fleming’s alleged agent, for the rental of the Property.
In addressing the unique circumstances presented by a foreign defendant’s transaction of business over the Internet, the courts of Louisiana and California have applied the sliding scale standard enunciated in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1123-24 (W.D.Pa.1997). See Swoboda v. Hero Decks, 09-1303 (La.App. 4 Cir. 3/31/10), 36 So.3d 994, unit denied 10-0993 (La.6/25/10), 38 So.3d 346 and Shisler v. Sanfer Sports Cars, Inc., supra. The Zippo standard was summarized in Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir.1999):
At one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which “involve the knowing and repeated transmission of computer files over the Internet.” ... In this situation, personal jurisdiction is proper.... At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer.... In this middle ground, “the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.” [Citations omitted.]
In the instant case, Mr. Resnic operated a passive website that merely advertised on the Internet. Given the passive nature of the website, we cannot conclude that Mr. Eldred’s viewing of that website from his computer in California supports the exercise of specific in personam jurisdiction over Ms. Fleming.
Alternatively, Mr. Eldred argues that Mr. Resnic acted in California as Ms. Fleming’s agent, making her amenable to specific in personam jurisdiction in that 112state. In order to establish such a basis for jurisdiction, Mr. Eldred is required to advance some evidence to support the contention of agency that he claims in the pleadings. Absent such evidence, the ac *440 tion is subject to dismissal. 1 Robert C. Casad and William M. Richman, Jurisdiction in Civil Actions § 4 — 3[l][a] (3d ed.1998). A close reading of Mr. Eldred’s affidavit discloses no evidence upon which to base a finding that Mr. Resnic was Ms. Fleming’s agent. He offers only a conelu-sory statement that Ms. Fleming did not deny an agency relationship. However, he did not offer any proof of the scope of Mr. Resnic’s alleged authority. The e-mail message Mr. Eldred submitted was sent by Mr. Resnic to Mr. Eldred’s companion. Neither Mr. Eldred nor Ms. Fleming was a party to the message. Ms. Fleming points out in her affidavit that not only did she not authorize Mr. Resnic to act as her agent and to contract on her behalf, he acted as a passive advertiser only, and was not given authority to transact affairs on her behalf. Based on the evidence of record, there is no doubt that Ms. Fleming’s alleged activity does not rise to the level of purposeful availment of California law. To compel Ms. Fleming to submit to the jurisdiction of California, under the facts of record, would violate her constitutional due process rights.
Because Mr. Eldred’s evidence does not support the conclusion that there exists a genuine issue of material fact as to the jurisdictional issue, we are compelled to conclude that summary judgment in favor of Ms. Fleming is appropriate and legally supported. For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., Dissents and Assigns Reasons.

.Mr. Eldred’s name appears in the record at times as Lanston Eldred. We have used the spelling found in his petition in CDC No. 02-6743.

.The trial court issued its Reasons for Judgment on February 13, 2008, and these were entered on the court minutes on February 14, 2008.

. Eldred v. Fleming, 08-0233 (La.App. 4 Cir. *435 3/24/08), unpub.

. We note that Mr. Eldred did not offer any positive evidence that Ms. Fleming did authorize Mr. Resnic to offer the unit for rental, or authorize the rental of this particular unit to Mr. Eldred.