Filed 7/21/15

**CERIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL W. MONCRIEF et al., | H040098 |
| Cross-Complainants and Appellants, | (Monterey County Super. Ct. No. M116031) |
| v. | |
| A. JAMES CLARK et al., | |
| Cross-Defendants and Respondents. | |

Appellant is Paul W. Moncrief, et al. (Moncrief), a California attorney, and respondent is A. James Clark, et al. (Clark), an Arizona attorney.

Moncrief was sued for legal malpractice arising from a failed purchase of farm equipment. In response, Moncrief cross-claimed against Clark, the attorney who represented the farm equipment company, for misrepresentations he made in connection with the purchase.

Moncrief is appealing the trial court's grant of Clark's motion to quash service of summons and complaint for lack of personal jurisdiction.

#### STATEMENT OF THE FACTS AND CASE

Andrew Smith Company (Smith) is a California general partnership. In January 2010, Smith hired Moncrief to perform due diligence in connection with Smith's purchase of farm equipment from Texas Hill Farms, located in Yuma, Arizona. Texas Hill Farms was represented by Clark, an Arizona attorney.

As part of his due diligence, Moncrief performed a Uniform Commercial Code search regarding Texas Hill Farms' ownership of the equipment that was the subject of the sale. In addition, while he was in California, Moncrief called Clark in Arizona to discuss the ownership of the equipment, and left a voicemail for Clark.

On January 27, 2010, Smith informed Texas Hill Farms that it was ready to finalize the sale but was "waiting [for Moncrief] to receive a call from [Clark] to confirm various title and ownership issues."

Clark called Moncrief in response to the earlier voicemail Moncrief had left for Clark and at the request of his client, Texas Hill Farms. During the phone call between Clark and Moncrief, Clark represented that Texas Hill Farms was the sole owner of the farm equipment that was the subject of the sale.

Following the telephone conversation between Moncrief and Clark, Clark sent Moncrief an e-mail that stated in part: "I have been the attorney for Texas Hill Farms . . . and can state unequivocally that the cooling equipment you are buying is free and clear and is owned by Texas Hill Farms, a partnership."

Based on Clark's representations during the phone conversation with Moncrief, and Clarks' email, Moncrief advised Smith to go forward with the equipment purchase from Texas Hill Farms.

In 2011, Smith learned that Texas Hill Farms did not own the equipment when they completed the sale transaction. In actuality, New York Community Bank had acquired an interest in the equipment.

As a result of the failed farm equipment purchase, Smith sued Moncrief for legal malpractice. Moncrief cross-complained against Clark for equitable indemnity, negligence, intentional misrepresentation, negligent misrepresentation, and concealment. Moncrief alleged that Clark's representation about the ownership of the farm equipment was false, and was made to induce Moncrief's client to purchase the equipment.

Clark filed a motion to quash service of summons in response to Moncrief's cross-complaint, arguing that California lacked personal jurisdiction over him. The court granted the motion, stating "Clark did not purposefully avail himself to Forum benefits. He did not reach out to Moncrief. . . . There's no evidence that he targeted Moncrief or California or anything. So whether Moncrief . . . is based in California or anywhere else, it had no bearing on the information he sought from Clark. It seems just such a random attenuated and insufficient contact to establish specific jurisdiction."

This appeal followed.

## DISCUSSION

Moncrief asserts the trial court erred in granting Clark's motion to quash service of summons, because Clark personally directed activities toward California, Moncrief's claims arise out of Clark's contacts with California, and it would be fair and reasonable for California to exercise personal jurisdiction over Clark.

"On a motion to quash for lack of personal jurisdiction, the plaintiff bears the burden of establishing by a preponderance of the evidence that the defendant has such " 'minimum contacts' " with the forum state that being subjected to its jurisdiction will not offend traditional notions of fair play. [Citation.]" (*Epic Communications, Inc. v. Richwave Technology* (2009) 179 Cal.App.4th 314, 326 (*Epic Communications*).) "To the extent this question turns on issues of fact, it is entrusted to the trial court, whose resolution of those issues will not be disturbed if supported by substantial evidence." (*Ibid*, citing *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449 (*Vons*).) "Insofar as the question presents issues of law, such as the jurisdictional sufficiency of the contacts impliedly or necessarily found by the trial court, it will be subject to independent review on appeal. [Citations.]" (*Ibid.*)

California's long-arm statute, Code of Civil Procedure section 410.10, provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with

the Constitution of this state or of the United States." The California Supreme Court has instructed that "[a] state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ' "traditional notions of fair play and substantial justice." ' [Citations.]" (*Vons, supra,* 14 Cal.4th at pp. 444-445 (*Vons*), quoting *International Shoe Co. v. Washington, supra,* 326 U.S. 310, 316.)

"Under the minimum contacts test, 'an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that State.' " (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 (*Pavlovich*), quoting *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316-317, 319.)

"Specific jurisdiction exists when, though the defendant lacks such pervasive forum contacts that he may be treated as present for all purposes, it is nonetheless proper to subject him to the forum state's jurisdiction in connection with a particular controversy." (*Epic Communications, supra*, 179 Cal.App.4th at p. 327.) "When determining whether specific jurisdiction exists, courts consider the ' "relationship among the defendant, the forum, and the litigation." ' [Citations.] A court may exercise specific jurisdiction over a nonresident defendant only if: (1) 'the defendant has purposefully availed himself or herself of forum benefits' [citation]; (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' [citations]; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' [citations]." (*Pavlovich, supra*, 29 Cal.4th at p. 269.)

The plaintiff " 'has the initial burden of demonstrating facts justifying the exercise of jurisdiction.' [Citation.] If the plaintiff meets this initial burden, then the defendant

4

has the burden of demonstrating 'that exercise of jurisdiction would be unreasonable.' [Citation.]" (*Pavlovich, supra*, 29 Cal.4th at p. 273.)

***Purposeful Availment***

Purposeful availment of forum benefits—" 'is only satisfied when the defendant purposefully and voluntarily directs his [or her] activities toward the forum so that he [or she] should expect, by virtue of the benefit he [or she] receives, to be subject to the court's jurisdiction based on' his [or her] contacts with the forum. [Citation.]" (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

Citing *Hall v. LaRonde* (1997) 56 Cal.App.4th 1342, Moncrief asserts that Clark purposefully availed himself of the benefits of California when he communicated via telephone and e-mail with Moncrief for the purpose of facilitating the farm equipment sale for his Arizona clients. Specifically, Moncrief points to the fact that Clark called Moncrief to assure him that Clark's client, Texas Hill Farms, owned the equipment that was the subject of the sale. In addition, following the phone conversation, Clark sent an e-mail to Moncrief with written assurances of the ownership with the intent of facilitating the sale between Moncrief's client and Clark's client. Moncrief argues that Clarks's contacts with California were for the specific purpose of inducing the completion of the equipment sale. As such, Clark purposefully availed himself of the benefits of the forum to support California's exercise of personal jurisdiction over Clark.

Clark argues that because he only engaged in a single, fortuitous transaction with Moncrief, he did not personally avail himself of the benefits of California. Clark cites *Shisler v. Sanfer Sports Cars, Inc*. (2006) 146 Cal.App.4th 1254 (*Shisler*), in which this court found that a single transaction between a Florida car dealer and a California consumer through the car dealer's Web site was not sufficient to establish personal jurisdiction. (*Id*. at pp. 1261-1262.) Of particular importance to this court in *Shisler* was the fact that while the Florida car dealer operated a passive Web site that was available to

5

residents in California, the dealer did not target California for its sales. (*Ibid*.) This court found that the lack of targeting of California residents meant that the car dealer did not avail itself of the benefits of California. (*Ibid*.)

The facts of this case are distinguishable from those in *Shisler*. Here, while Moncrief and Clark engaged in a single transaction, Clark targeted Moncrief with the specific purpose of inducing Moncrief's client to finalize the purchase of farm equipment from Texas Hill Farms. Clark's contacts with California are not akin to maintaining a passive website available to California residents as the defendant did in *Shisler*.

We find that Moncrief has established that Clark purposely availed himself of the benefits of California such that California can exercise personal jurisdiction over Clark. Clark's representations were made with the sole purpose of facilitating the sale between Moncrief's California clients and Clark's Arizona client. Clark's communications with Moncrief were purposely and voluntarily directed toward California " 'so that he should expect, by virtue of the benefit he receive[d], to be subject to the court's jurisdiction based on' his contacts with the forum. [Citation.]" (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

### *Relatedness*

Relatedness concerns "whether the controversy is related to or arises out of defendants' contacts with California." (*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1067 (*Snowney*).) The relatedness requirement is determined under the " 'substantial connection' test," which "is satisfied if 'there is a substantial nexus or connection between the defendant's forum activities and the plaintiff's claim.' [Citation.]" (*Id*. at p. 1068.)

The California Supreme Court has clarified that under the substantial connection test, " 'the intensity of forum contacts and the connection of the claim to those contacts are inversely related.' [Citation.] '[T]he more wide ranging the defendant's forum

6

contacts, the more readily is shown a connection between the forum contacts and the claim.' [Citation.] Thus, '[a] claim need not arise directly from the defendant's forum contacts in order to be sufficiently related to the contact to warrant the exercise of specific jurisdiction.' [Citation.] . . . Indeed, ' " '[o]nly when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact].' " ' [Citations.]" (*Snowney, supra*, 35 Cal.4th at p. 1068.)

The substantial connection test is satisfied in this case because the " ' " ' "operative facts of the controversy" ' " ' " (*Snowney, supra*, 35 Cal.4th at p. 1068), are whether Clark misrepresented information about the farm equipment when he spoke to Moncrief. Moncrief's claims in his cross-complaint against Clark arise from Clarks' contacts with California. Accordingly, we find that the " 'substantial connection' test" is satisfied because " 'there is a substantial nexus or connection' " between Clark's forum-related activities and Moncreif's claims in his cross-complaint. (*Ibid*.)

*Fairness*

If a defendant has purposely availed himself of the benefits of the forum state, and the controversy is related to the defendant's contacts with the forum, the defendant will be subject to specific jurisdiction if it would be fair. (See, e.g., *Snowney, supra*, 35 Cal.4th at p. 1070.) "In making this determination, the 'court "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and the shared interest of the several states in furthering fundamental substantive social policies.' " ' [Citations.]" (*Ibid*.) However, where a defendant who " 'purposefully has directed [his or her] activities at forum residents seeks to defeat jurisdiction, [he or she] must present a

compelling case that the presence of some other considerations would render jurisdiction unreasonable.' [Citation.]" (*Ibid*.)

We find that Clark has not presented " 'a compelling case' " that considerations other than the fact of their out-of-state residency would render California jurisdiction unreasonable. (*Snowney*, *supra*, 35 Cal.4th at p. 1070.) Indeed, the only issue Clark addresses in his brief is personal availment; he makes no argument regarding the relatedness or fairness elements of personal jurisdiction. Accordingly, we deem the issue waived. (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [the absence of argument allows this court to treat the point as waived].)

We find that the trial court erred in granting Clark's motion to quash service of summons. We find nothing in the record to support the trial court's finding that the contact was "just such a random attenuated and insufficient contact to establish specific jurisdiction." Conversely, it is undisputed that Clark's conduct and his intentional misrepresentations were required to close the sale. Clark personally availed himself of the benefits of California when he reached into California to induce Moncrief's client to complete the equipment purchase. In addition, Moncrief's claims arise out of Clark's contacts with California. Finally, Clark has not demonstrated that " 'exercise of jurisdiction would be unreasonable.' [Citation.]" (*Pavlovich, supra*, 29 Cal.4th at p. 273.)

## DISPOSITION

The order is reversed.

8

_____

RUSHING, P. J.


WE CONCUR:




_____

ELIA, J.




_____

MÁRQUEZ, J.

Trial Court:                               Monterey County Superior Court
                                                    Superior Court No.: M116031

Trial Judge:                               The Honorable Kay T. Kingsley

Attorneys for Cross-Complaints and
Appellants Paul W. Moncrief et al.:         Hoge, Fenton, Jones & Appel, Inc.

                                                    Alison P. Buchanan
                                                    Crystal N. Riggins

Attorneys for Cross-Defendants and
Respondents A. James Clark et al.:        Manning & Kass, Ellrod, Ramirez,
                                                    Trester

                                                    Michael L. Smith
                                                    Patrick L. Hurley