Filed 1/12/23  Smith-Bey v. Riviera Operating CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIE-JAY SMITH-BEY III, | B319802 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV04912) |
| v. | |
| RIVIERA OPERATING LLC et al., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendants and Respondents. | |
| | NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 22, 2022, be modified as follows:

1

1. On page four, at the end of the sentence that precedes the "Procedural Background" heading, add "beyond an affidavit of heirship." The full sentence, which begins on page three, should read:

   "The letters plaintiff sent had a return address of 'Los Angeles California Territory,' and the LLC—in seeking to respond to plaintiff's letters by ascertaining whether he had any legally cognizable interest in the Smith County parcel—repeatedly sent plaintiff responsive letters asking him to corroborate his claimed ownership, although plaintiff steadfastly refused to provide the requested information beyond an affidavit of heirship."

2. On page eight, in the second sentence of the first full paragraph, which begins "However," insert after "motion to quash," "(and again in an unauthorized surreply)," and add a fourth footnote after the comma following the ending parenthesis, so that the full sentence and footnote read:

   "However, plaintiff made this request in two sentences in his opposition to the motion to quash (and again in an unauthorized surreply),[4] and at no time explained what discovery he sought or what facts he hoped to elicit.

   . . .

   "[4]    Plaintiff also represented at oral argument that he made the discovery request in his case conference statement, but the record does not contain the

2

statement."

\* \* \*

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

LUI, P. J.             HOFFSTADT, J.           BENKE, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/22/22 Smith-Bey v. Riviera Operating CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILLIE-JAY SMITH-BEY III,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RIVIERA OPERATING LLC et al.,<br><br>Defendants and Respondents. | B319802<br><br>(Los Angeles County Super. Ct. No. 21STCV04912) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Willie-Jay Smith-Bey III, in pro. per., for Plaintiff and Appellant.

1

Buchalter, Mark T. Cramer and Efrat M. Cogan for Defendants and Respondents.

\* \* \* \* \* \*

A person with a California mailing address sued a Texas-based corporate entity and three Texas residents for allegedly refusing to recognize his claims related to a parcel of land in rural Texas. The trial court dismissed the case on the ground that California lacked personal jurisdiction over the Texas-based defendants for this Texas-centered dispute. This is undeniably correct, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *The defendants*

For many years, Riviera Resources, Inc. was an oil and gas producer; it was incorporated in Delaware, headquartered in Texas, and did business in Texas, Oklahoma and Louisiana. Riviera Resources, Inc. did not have any offices in California, did not use California banks, and did not conduct business in California. Riviera Resources, Inc. is now defunct.

Riviera Operating, LLC (the LLC) was a subsidiary of Riviera Resources, Inc. and was dissolved at the same time as its parent company; all rights to the property in question were sold in 2020 to an outside LLC. The LLC was incorporated in Delaware, and headquartered in Texas. The LLC was formed in 2018. Prior to that time, it operated as Linn Operating, LLC. Linn Operating, LLC did some business in California until 2017, but ceased business with California in 2017 and allowed its business registration in California to lapse in 2018.

Darren Schluter and David Rottino were officers of the LLC. Holly Anderson was an officer of Riviera Resources, Inc. and the LLC.

### B.  *Plaintiff's letters and emails*

Starting in 2016,[1] Willie-Jay Smith-Bey III (plaintiff) sent a stream of letters and emails to various employees at Riviera Resources, Inc. and the LLC/Linn Operating, LLC.  In this correspondence, plaintiff asserted that he was a "direct descendent of the Ancient Canaanites/Moabites," and that he has a "Birthright Claim of Right and Title" to a 3.25-acre parcel of land in Smith County, Texas, under "Divine Law," "Nature's Law," "Universal Law," "International Law," and, "upon [his] Moorish Birthrights," because the land had allegedly formerly belonged to plaintiff's father.  Most pertinent here, plaintiff sent (1) a letter to the LLC in early 2018 entitled "Writ in the Nature of Discovery and Disclosure," in which he demanded that Riviera Resources, Inc., the LLC, or Linn Operation, LLC give him a copy of the contract that entitled them to the mineral rights on the land in Smith County, and (2) a letter to the LLC in July 2018 entitled "Writ in the Nature of Default," in which he declared that the LLC's failure to respond to his earlier letter meant that he was entitled to (a) all revenue generated by the land, and (b) to have the land "restored to its natural state."

The letters plaintiff sent had a return address of "Los Angeles California Territory," and the LLC—in seeking to

---

1      Although plaintiff in one of his filings asserted that Riviera Resources, Inc. first contacted *him* in 2014 and although plaintiff at oral argument asserted that someone affiliated with defendants first contacted *him* in 2013, he provided no *evidence* to the trial court to substantiate that assertion.  Accordingly, we do not consider it.

respond to plaintiff's letters by ascertaining whether he had any legally cognizable interest in the Smith County parcel—repeatedly sent plaintiff responsive letters asking him to corroborate his claimed ownership, although plaintiff steadfastly refused to provide the requested information.

## II.     Procedural Background

### A.     *Complaint*

On February 5, 2021, plaintiff sued the LLC, Schluter, Rottino and Anderson (collectively, defendants).[2]  Plaintiff alleges two causes of action—namely, (1) "Res Judicata:  Unrefuted Affidavits," and (2) "Unjust Enrichment."  As to both, plaintiff alleges that defendants' failure to respond to his first Writ in the Nature of Discovery and Disclosure means that he is automatically entitled to $1 million in "real money" as well as restoration of the 3.25-acre Smith County parcel to its "natural state."

### B.     *Motion to quash*

The LLC, Schluter, Rottino and Anderson moved to quash plaintiff's service of process on the ground that California did not have personal jurisdiction over them.  In support of their motion, they submitted the above-described evidence as well as declarations from Schluter, Rottino and Anderson attesting that each resided in Texas and had no regular contacts with California.  After receiving plaintiff's opposition, a reply, an unauthorized surreply from plaintiff, as well as conducting a hearing, the court issued an order quashing service and dismissing the case.  The court reasoned that defendants' contacts with California were insufficient to confer general

---

[2]     Plaintiff also sued Dan Furbee and Jim Few, but later voluntarily dismissed them.

4

jurisdiction, and insufficient to confer specific jurisdiction related to this dispute because defendants' conduct in mailing letters back to plaintiff did not constitute "purposeful availment."[3]

**C.** *Appeal*

Plaintiff filed a timely notice of appeal.

## DISCUSSION

Plaintiff argues that the trial court erred in denying his motion to quash.  In reviewing such a denial, we review the trial court's legal rulings de novo and its factual findings for substantial evidence.  (*Jacqueline B. v. Rawls Law Group, P.C.* (2021) 68 Cal.App.5th 243, 251 (*Jacqueline B.*).)

California courts have the power to assert personal jurisdiction to the same extent as allowed by the United States Constitution.  (Code Civ. Proc., § 410.10; *Jacqueline B.*, *supra*, 68 Cal.App.5th at p. 251.)  The federal constitution permits states to exercise personal jurisdiction over an out-of-state defendant only when the defendant has "'certain minimum contacts with [the State]'" such that the State's exercise of jurisdiction "'does not offend "traditional notions of fair play and substantial justice."'" (*Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S. 915, 923, quoting *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.)  "The primary focus of [the] personal jurisdiction inquiry is the" "relationship" between the defendant and the "forum [s]tate" (*Bristol-Myers Squibb Co. v. Superior*

---

[3]    The court also rejected plaintiff's argument that defendants' failure to request a hearing for their motion to quash within 30 days deprived the court of jurisdiction to hear the motion.  Plaintiff does not contest that conclusion on appeal.  It lacks merit anyway.  (*Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1296.)

*Court* (2017) 137 S.Ct. 1773, 1779 (*Bristol-Myers*)), and *not* the relationship "between the plaintiff and the defendant" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 458 (*Vons*)).

There are two "flavors" of personal jurisdiction—namely, (1) general jurisdiction and (2) specific jurisdiction. (*Daimler AG v. Bauman* (2014) 571 U.S. 117, 122.) Plaintiff does not challenge the trial court's finding of no general jurisdiction, so we focus on whether substantial evidence supports its finding of no specific jurisdiction.

"Specific jurisdiction subjects an out-of-state defendant to suit in a forum state, but only as to a specific suit and only where "'the *suit*'" itself "'aris[es] out of or relat[es] to the defendant's contacts with the *forum*.'"" (*Jacqueline B.*, *supra*, 68 Cal.App.5th at p. 252, quoting *Bristol-Myers*, *supra*, 137 S.Ct. at p. 1780.) Specific jurisdiction thus "'focuses on "the relationship among the [out-of-state] defendant, the forum, and the [current] litigation."'" (*Walden v. Fiore* (2014) 571 U.S. 277, 284.) The existence of specific jurisdiction turns on the facts of each case. (*Kulko v. Superior Court of Cal.* (1978) 436 U.S. 84, 92.) The courts have nevertheless articulated the standard against which to measure those facts: Specific jurisdiction will be found over an out-of-state defendant only when (1) "'the [out-of-state] defendant has purposefully availed himself or herself of forum benefits,'" (2) "'the "controversy [giving rise to the present lawsuit] is related to or 'arises out of' [the] defendant's contacts with the forum,"'" and (3) ""'the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"'" (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269, quoting *Vons*, *supra*, 14 Cal.4th at pp. 447-448.) The plaintiff asking the forum state to exert

jurisdiction over the out-of-state defendant bears the initial burden of establishing the first two elements by a preponderance of the evidence, and if the plaintiff does so, the out-of-state defendant then bears the burden of convincing the court why the exertion of personal jurisdiction would *not* comport with fair play and substantial justice. (*Pavlovich*, at p. 273; *Vons*, at p. 449; *Bader v. Avon Products, Inc.* (2020) 55 Cal.App.5th 186, 192-193.)

Substantial evidence supports the trial court's finding that defendants did not purposefully avail themselves of the benefits of California as a forum. Defendants exist exclusively outside of California. Plaintiff initiated contact with defendants—while they were outside California—to obtain recompense for property located outside of California. Obtaining that recompense is the sole reason why plaintiff has sued defendants. The only connection defendants have with California is that they sent their "snail mail" correspondence to plaintiff at a California address. Plaintiff does not even adduce any evidence that he is a California resident (after all, mail *can* be forwarded). Defendants' conduct in merely responding to correspondence from a person with a California mailing address does not constitute purposeful availment. (*Shisler v. Sanfer Sports Cars, Inc.* (2006) 146 Cal.App.4th 1254, 1261-1262 [no personal jurisdiction exists in California when defendant merely exchanges files over the Internet]; cf. *Hall v. Laronde* (1997) 56 Cal.App.4th 1342, 1347 [personal jurisdiction exists in California when California resident reaches out to New York resident and they proceed to engage in long-term project to develop software]; *Gilmore Bank v. AsiaTrust New Zealand Ltd.* (2014) 223 Cal.App.4th 1558, 1572 [personal jurisdiction exists in California when out-of-state defendant sent promotional materials to California resident,

7

drafted a trust contract and negotiated the terms with the resident, actively managed the resident's retirement account, and accepted and transferred funds between defendant's accounts and resident's accounts at the direction of the resident].)

Below, plaintiff asked the trial court to forestall ruling on defendants' motion so he could conduct discovery aimed at jurisdictional issues. However, plaintiff made this request in two sentences in his opposition to the motion to quash, and at no time explained what discovery he sought or what facts he hoped to elicit. Because plaintiff did not make the necessary showing that discovery would "likely lead to the production of evidence of facts establishing jurisdiction" (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 127 ), the trial court did not abuse its discretion in implicitly denying that request by ruling on defendants' motion (*ibid.*; *Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 271-272 [affirming grant of motion to quash when plaintiff "did not identify what kind of discovery she wanted to take or what kind of jurisdictional facts she believed discovery would disclose"]).

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.*
BENKE

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.