Filed 3/26/15  Marriage of Hopkins CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of KATHERINE and THOMAS HOPKINS. | B253345, B254984 (Los Angeles County Super. Ct. No. BD419266) |
| KATHERINE HOPKINS, Plaintiff and Respondent, v. LOUISE CAMP, Individually and as Trustee, etc., Defendant and Appellant. | |

APPEAL from a judgment and an order of Superior Court of Los Angeles County, Michelle Williams Court, Judge.  Affirmed in part; reversed in part with directions.

Gordon and Gordon Lawyers and Errol J. Gordon for Defendant and Appellant.

Roni Keller for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant,[1] Louise Camp, appeals from an October 23, 2013 default judgment and a January 29, 2014 order denying her motion to set aside the default and default judgment.  On August 16, 2011, plaintiff, Katherine Hopkins, obtained a judgment on reserved issues against her former husband, Thomas Hopkins, for spousal support and attorney's fees.  On October 31, 2012, plaintiff filed an amended complaint in joinder against the following defendants:  Mr. Hopkins; Mr. Hopkins as trustee of the Thomas J. Hopkins Living Trust (Hopkins trust); defendant; and defendant as trustee of the LC Irrevocable Trust (LC trust).  The October 23, 2013 judgment was entered on the amended complaint in joinder.

In terms of the judgment, defendant argues:  she was never made aware by the pleadings that she could be liable for spousal support owed by Mr. Hopkins to plaintiff; the damage award is excessive in that it exceeds $658,000 plus interest; and that the damage award is excessive in that there is insufficient evidence to support it.  Finally, defendant argues the postjudgment motion to set aside her default and default judgment should have been set aside.  We reverse the judgment as to the damages amount--it may not exceed $658,000 plus interest.  And we affirm the postjudgment order refusing to set aside the default and the default judgment.

---

[1]     Ms. Camp was designated as "claimant" by the trial court.  Ms. Hopkins was designated as "petitioner."  Because of the nature of the claim and to avoid confusion, we will refer to Ms. Camp as "defendant" and Ms. Hopkins as "plaintiff" for purposes of this appeal.

## II.  BACKGROUND

### A.  Procedural History Prior to Filing of the Amended Complaint In Joinder

On August 16, 2011, plaintiff obtained a judgment against Mr. Hopkins on reserved issues following their marital dissolution.  The judgment required Mr. Hopkins to pay spousal support.  This included:  pendente lite support; arrearages; and additional support.  Mr. Hopkins was also required to pay plaintiff's attorney's fees.

### B.  Amended Complaint in Joinder Against Defendant

On October 31, 2012, plaintiff filed her amended complaint in joinder.  Plaintiff alleges the following:  Mr. Hopkins failed to comply with the August 16, 2011 judgment's terms; as of August 16, 2012, Mr. Hopkins owed plaintiff $444,118.76 for past-due spousal support and $218,231.64 for attorney's fees; and defendant was married to Mr. Hopkins at all times mentioned in the amended complaint in joinder.  The complaint in joinder contains extensive allegations concerning Mr. Hopkins' failure to comply with this support obligation.  The complaint in joinder alleges with specificity the terms of Mr. Hopkins's spousal support duties owed to plaintiff.  Further, the complaint in joinder identifies the amount of arrearages.  According to the complaint in joinder, as of August 16, 2012, the total amount of arrearages is $444,118.76.  Further, Mr. Hopkins owes plaintiff $218,231.64 for attorney fees.  Also, according to the complaint in joinder, Mr. Hopkins and defendant had dissipated Mr. Hopkins's assets and those of the Hopkins trust for purposes of preventing plaintiff from enforcing the judgment.  And as noted, the complaint in joinder expressly identifies the judgment which includes the substantial arrearages for support and attorney fees.

Plaintiff alleges three causes of action.  Plaintiff's first cause of action is for joinder based on fraudulent conveyance.  On June 4, 2010, the trial court issued an order

3

naming Mr. Hopkins, trustee of the Hopkins trust, as an additional debtor. On October 7, 2011, the trial court issued an additional order naming the Hopkins trust as a judgment debtor. On December 30, 2011, the county recorder recorded an abstract of support judgment and abstract of judgment as a lien on Mr. Hopkins's property. On March 30, 2012, the sheriff levied on real property owned by the Hopkins trust located at Westridge Road, Los Angeles (the Westridge property). On April 20, 2012, plaintiff filed an order to show cause why sale of the Westridge property should not occur. Mr. Hopkins was served with the order to show cause concerning the Westridge property on May 4, 2012.

Prior to the hearing on the order to show cause, on June 20, 2012, Mr. Hopkins and the Hopkins trust transferred the Westridge property to defendant and the LC trust. Mr. Hopkins executed a trust transfer deed stating the conveyance was a gift with no consideration. On March 8, 2012, an order for appearance of a judgment debtor was issued to Mr. Hopkins ordering him to appear on June 13, 2012. The order for appearance of a judgment debtor was served on Mr. Hopkins along with a subpoena duces tecum on May 14, 2012.

On May 23, 2012, plaintiff's motion for appointment of a receiver over Mr. Hopkins's assets was granted. The trial court directed plaintiff's attorney to prepare an order and recommend the amount of the receiver's bond. On June 8, 2012, Mr. Hopkins executed a written assignment of all of his membership units in the Spalding Surgical Center of Beverly Hills, LLC (the surgical center). The surgical center membership units were assigned from the Hopkins trust to defendant and the LC trust.

Plaintiff alleges the transfers of the Westridge property and surgical center membership units to defendant and the LC trust were void or voidable as fraudulent conveyances. According to plaintiff, defendants acted intentionally to purposely dissipate Mr. Hopkins's assets to defraud plaintiff and prevent her from enforcing the August 16, 2011 judgment on reserved issues. Plaintiff also alleges the transfers were made to prevent the court-appointed receiver from gaining control of the assets to satisfy the debt owed to her.

4

In the second cause of action, plaintiff alleges joinder based on conspiracy by all defendants.  It is alleged Mr. Hopkins and defendant conspired to transfer the Hopkins trust's interest in the Westridge property and surgical center membership units to her and the LC trust.  In addition, according to the second cause of action, the conspiracy's object was to prevent plaintiff from collecting her judgment against Mr. Hopkins.  In her third cause of action, plaintiff seeks a declaration of rights as to all defendants.  She seeks a declaration that the trust transfer deed of the Westridge property and the assignment of the surgical center membership units were fraudulent conveyances and that they be declared void.

We now turn to the requested relief.  On the first cause of action, plaintiff seeks:  a declaration that all transfers of property between Mr. Hopkins and the Hopkins trust to defendant and the LC trust were fraudulent; to set aside the transfer deed for the Westridge property and the assignment of surgical center membership units; and to have the transfer deed and assignment declared void to the extent necessary to satisfy plaintiff's rights under the judgment.  She also seeks a temporary restraining order enjoining and restraining defendants from selling or conveying any of the above property.  She finally requests that all defendants be held liable for defendants' obligations to plaintiff "in an amount in excess of $658,000 plus interest thereon" and punitive damages.  In the second cause of action, plaintiff seeks $635,000 plus interest in compensatory damages plus punitive damages.  In the third cause of action, plaintiff seeks a judicial determination of the rights and duties between her and defendants with respect to the Westridge property and surgical center membership units.  On all the causes of action, plaintiff seeks costs of suit and other further relief as the trial court deemed just and proper.

C.  Entry of the Default and Default Judgment Against Defendant

On January 14, 2013, defendant's default was entered.  On October 23, 2013, the default judgment on the amended complaint in joinder was entered.  The following

5

judgment was entered in part: "11.1 The Court vacate, cancels and set []aside the Deed in which [Mr. Hopkins] transferred the real property located at [Westridge Road] back to [Mr. Hopkins's] name. [¶] 11.2 That the Court Order [defendant] and [Mr. Hopkins] be liable for damages as follows: [¶] 11.2.1 Damages for spousal support uncollected as of August 1, 2013 in the amount of $587,926.58 which increases at the rate of $12,500.00 per month for each month after August 2013 for additional monthly spousal support together with additional accrued interest; [¶] 11.2.2 Damages for unpaid attorneys fees due [plaintiff] in the amount of $237,250.83 which increases at the rate of $1,630.20 per month for additional interest commencing August 2, 2013[;] [¶] 11.2.3 Attorneys fees of $350,000.00[;] [¶] 11.2.4 Appellate attorneys fees of $50,000.00." On December 23, 2013, defendant, individually and as trustee of the LC trust, appealed from the default judgment. In a January 29, 2014 order, the trial court modified the judgment by striking sections 11.2.2, 11.2.3, and 11.2.4. On March 7, 2014, defendant, individually and as trustee of the LC trust, appealed from the postjudgment order.

## III. THE JUDGMENT

A defendant may appeal from a default judgment on jurisdictional grounds or because of basic defects in the pleadings. (*Lee v. Ski Run Apartments Associates* (1967) 249 Cal.App.2d 293, 294; accord, *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824; *Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766-767.) If the jurisdictional facts are undisputed, questions of jurisdiction are subject to de novo review. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449; *Shisler v. Sanfer Sports Cars, Inc.* (2006) 146 Cal.App.4th 1254, 1259 [personal jurisdiction]; *In re Guardianship of Ariana K.* (2004) 120 Cal.App.4th 690, 701 [subject matter jurisdiction].) Another ground for appeal from a default judgment is in the case of excessive damages. (*Don v. Cruz* (1982) 131 Cal.App.3d 695, 704; *Uva v. Evans* (1978) 83 Cal.App.3d 356, 364 [review of excessive damages in default judgment when unconscionable and without evidentiary justification].)

6

Defendant challenges paragraph 11.2.1 of the judgment. Defendant argues: she was never placed on notice that she could be liable for spousal support and attorney's fees based on the allegations in the complaint in joinder; the damages were excessive; the trial court calculated the damages to equal the spousal support owed by Mr. Hopkins to plaintiff; and based upon the pleadings and subsequent default, there is no basis to find defendant conspired to and participated in a fraudulent conveyance with Mr. Hopkins. Thus, defendant could not be liable for any damages accrued by such fraud.

Defendant's maximum exposure on all of plaintiff's claims is $658,000 plus interest. Plaintiff requested as relief damages "in an amount in excess of $658,000" plus interest. Thus, the default judgment on the complaint in joinder may not exceed $658,000 plus interest. Code of Civil Procedure section 580, subdivision (a) states, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ." Our Supreme Court has held: "The notice requirement of section 580 was designed to insure fundamental fairness. Surely, this would be undermined if the door were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of defaulting defendant's potential liability. If no specific amount of damages is demanded, the prayer cannot insure adequate notice of the demands made upon the defendant. [Citation.] Consequently, a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint. [Citation.] [¶] Here, the specific amount of damages alleged in the complaint was $20,000. Accordingly, the trial court exceeded its jurisdiction under section 580 insofar as it awarded damages in excess of that amount." (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494, fn. omitted; *Electronic Funds Solutions v. Murphy* (2005) 134 Cal.App.4th 1161, 1173.)

To begin with, we disagree with defendant that she was not placed on notice she would be subject to the unpaid amount of the judgment on reserved issues against Mr. Hopkins. In fact, there are specific allegations in the complaint in joinder which raise

7

this very issue. There is no merit to defendant's contention she was not on notice of the potential liability for the unpaid judgment.

However, that does not resolve the issue as to whether the amount of the default judgment in our case allows for the recovery of damages in excess of $658,000 plus interest. In this regard, we agree with defendant. Here, the trial court awarded: "Damages for spousal support uncollected as of August 1, 2013 in the amount of $587,926.58 which increases at the rate of $12,500 per month for each month after August 2013 for additional monthly spousal support together with additional accrued interest . . . ." The trial court set no limit as to the monthly payment of $12,500. By our calculations, six months after August 2013, the amount of damages awarded against defendant would exceed $658,000 plus interest. Thus, the trial court exceeded its jurisdiction under Code of Civil Procedure section 580, subdivision (a) when it awarded damages in excess of the amount demanded in the complaint in joinder. Upon remittitur issuance, the trial court is to modify the judgment so that it does not exceed $658,000 plus interest. The parties have briefed issues concerning fraudulent conveyances. We need not address those contentions in light of the fact the amount of damages exceeds $658,000 plus interest.

Two remaining contentions concerning the judgment warrant brief comment. To begin with, the evidence is sufficient to support the judgment. The evidence includes prior documents pertinent to the unpaid judgment and declarations. Further, by failing to respond to the complaint in joinder, defendant has admitted the truth of its allegations. (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392; *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408-409.) Finally, plaintiff filed a motion to dismiss defendant's appeal under the disentitlement doctrine. The dismissal motion is denied. The weight of the evidence indicates defendant, unlike Mr. Hopkins, has not engaged in contemptuous or egregious concealment of assets.


IV. THE MOTION TO SET ASIDE THE DEFAULT AND JUDGMENT


8

First, defendant argues her postjudgment motion to set aside the default and ensuing judgment should have been granted. We review this contention for an abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258; *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) ___ Cal.App.4th ___, ___ [182 Cal.Rptr.3d 611, 615].) No abuse of discretion occurred because: defendant was served with the summons and complaint in joinder on November 15, 2012; defendant appeared in the joinder litigation on November 29, 2012, by filing a peremptory challenge against the Honorable Robert E. Willet; after defendant failed to file an answer, her default was entered January 9, 2013; judgment was entered on October 23, 2013 and defendant delayed filing a motion to set aside her default until December 2, 2013. The trial court reasonably could have concluded defendant failed to exercise reasonable *diligence* in moving to set aside her default. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 234; see *Stafford v. Mach* (1998) 64 Cal.App.4th 1174 , 1184.) We need not address other grounds which demonstrate no abuse of discretion occurred.

Second, defendant argues the judgment as to her should have been set aside because she was only served as a trustee of the LC trust. This contention has no merit. Defendant was served both individually and as a trustee of the LC trust.

## V.  DISPOSITION

The January 29, 2014 postjudgment order is affirmed.  The October 23, 2013 judgment is reversed in part.  Insofar as judgment allows for the recovery of $658,000 plus interest payable under the judgment or for fraudulent transfers, it is affirmed.  Insofar as the judgment allows for a recovery in excess of $658,000 plus interest, it is reversed.  Further, after the remittitur issues, the trial court is to amend the judgment to comply with the views expressed in this opinion.  Plaintiff, Katherine Hopkins, is to recover her costs on appeal from defendant, Louise Camp.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


GOODMAN, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.