Filed 2/27/23  Zhang v. Yu CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LIAN ZHANG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TAO YU,<br><br>        Defendant and Respondent. | A163811<br><br>(Alameda County<br>Super. Ct. No. RG20082952) |

Plaintiff and appellant Lian Zhang (Lian)[1] appeals following the trial court's order granting defendant and respondent Tao Yu's motion to quash service for lack of personal jurisdiction.  The trial court held that Lian failed to meet her burden of establishing that Yu, a nonresident, was subject to either general or specific jurisdiction in California.  We agree and affirm.

**BACKGROUND**

**I.**

***Allegations in Complaint***

The subject dispute involves a condominium unit located in Beijing, China ("Property").  Prior to 1989, Lian's mother, Nai Sun, resided at but did not own the Property.  In 1989, Sun immigrated to the United States and

---

[1]  Since this opinion discusses Lian's sister, Lesheng Zhang, we refer to the sisters by their first names to avoid confusion and mean no disrespect by it.

1

moved to Berkeley, California, where Lian worked. The complaint alleged that in 1993, Lian purchased the Property, with Sun agreeing to hold title to it in trust for Lian.[2] Following the purchase and with Lian's consent, Sun rented out the Property and used the proceeds towards her living expenses. In early 2007, Lian's sister, Leshang Zhang (Lesheng) immigrated from Beijing to the United States and also settled in Berkeley. Lesheng offered to manage the Property since Sun was getting old and Lesheng already owned and managed other units in Beijing. Lian and Sun agreed to this.

In October 2007, Lesheng and Sun traveled back to China to visit family. The complaint alleged that while in China, Lesheng called Lian and informed her of a new rule in Beijing that prohibited non-resident owners from renting out their property. Lesheng's daughter, Yu, was also on this call. Lesheng told Lian that if Sun wished to continue receiving rental income, she would have to transfer the Property's title to Yu since Yu was a resident of Beijing. Lesheng assured Lian she had nothing to worry about and that Yu would hold title to the Property for Lian and would return the Property whenever Lian wanted it back. Yu allegedly confirmed Lesheng's statements during this call, including that she would hold the Property in trust for Lian so that Sun could continue receiving rental income. Lian agreed and title to the Property was transferred from Sun to Yu. In 2015, Yu moved to North Carolina.

---

[2] Lian later explained in a declaration that in 1993, Sun became eligible to purchase the Property as a private citizen following a property ownership reform in China. Sun gave Lian the right to purchase the Property but agreed to hold title to it since Lian was not eligible to hold title as she was not an employee of the Chinese government nor the spouse of such an employee.

In May 2020, Sun passed away. The complaint alleged that shortly after this, Lian demanded the return of the Property from Lesheng and Yu but was ignored. In October 2020, Lesheng and Yu sold the Property and kept the proceeds for themselves. Lian filed suit against Lesheng and Yu for elder abuse, breach of fiduciary duty, fraud, promissory estoppel and conversion.

## II.

### *Motion to Quash*

Yu moved to quash service of the summons based on lack of personal jurisdiction. Yu argued that California lacked both general and specific jurisdiction over her as a nonresident. With respect to the lack of specific jurisdiction, Yu argued that the dispute involved property in China as well as alleged trusts established in China. Yu further contended that the exercise of jurisdiction would be unfair since she was a resident of North Carolina and should not be required to defend this case in California. In the alternative, Yu moved to be dismissed from the lawsuit based on inconvenient forum.

In her supporting declaration, Yu stated that she lived in China until December 2014 and then temporarily lived in California until April 2015 as an international student before moving to North Carolina permanently. She further averred that she has never spoken to Lian on the phone and has never discussed the Property with Lian. According to Yu, her grandmother (Sun) purchased the Property in 1993 and sold the Property to her mother (Lesheng) in 2007. A few years later, Lesheng sold the Property to Yu. The declaration did not include any supporting purchase documents but asserted that copies of the relevant records "exist at the relevant Chinese government authorities in China, which records will not be in English."

3

In opposition to the motion, Lian submitted a supporting declaration that largely tracked the allegations made in the complaint. The declaration included the 2007 call in which Lesheng informed Lian of the new rule in Beijing that prohibited property rentals by non-resident owners, with Yu confirming this rule and offering to hold the Property in trust for Lian so that Sun could continue receiving her rental income. The opposition did not include any other evidence to support the exercise of jurisdiction over Yu.

Following full briefing by the parties, the trial court continued the motion and ordered supplemental briefing. The court commented that it was "unclear whether this case is about the obligations of trustees under a trust that might have been formed in California under California law or whether this case is about ownership of real estate in China." Accordingly, the court requested, to the extent any documents existed, that Lian produce a copy of the 1993 trust document between herself and Sun as well as the 2007 transfer of trustee document with Yu. In response, the only trust document Lian produced was a 1997 First Amendment to the 1995 De Lian Trust. In her supplemental brief, Lian asserted that this trust was formed in California in 1995 "during a personal crisis" and amended in 1997, with the Property added to the trust in 1998. Lian explained that she added the Property at this time in anticipation of receiving legal title to it soon.

Following oral argument, the trial court granted Yu's motion. With respect to the trust, the court held, "The relevant trust [document] in this case is the alleged trust created by [Sun] in China and not the de Lian Trust that was created by Lian in California." The court also made the following factual findings: "First, in 1996 [Sun] bought the property and thereafter owned the property, although it is disputed whether [Sun] owned the property for herself or in trust for Daughter Lian. Second, in 2007 [Sun] sold

4

the property to daughter Lesheng who then sold the property to Granddaughter [Yu]." This all took place in China. In 2020, Yu sold the Property while she resided in North Carolina. Based on this, the court concluded that Yu lacked minimum contacts with California to support the imposition of personal jurisdiction.

Finally, the trial court noted that at the motion hearing, Lian "argued that in 2007 [Yu] had a telephone call with a person in California concerning the property and that contact could support specific jurisdiction." The court acknowledged that the evidence was in conflict as to whether this call occurred. The court then stated it "assumes that there was this one telephone call" and found that "the single phone call is not sufficient to create specific jurisdiction." Lian now appeals.

## DISCUSSION

### I.

### *Standard of Review*

In reviewing an order granting a motion to quash on jurisdictional grounds, "[w]hen there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence. [Citation.] When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449 (*Vons*).)

"If there is conflicting evidence about whether a nonresident defendant committed acts or omissions outside the state, intending to cause a tortious effect in California, then we apply the substantial evidence rule to determine the validity of the trial court's finding of fact. On conflicting evidence, we must support the trial court's resolution of the conflict, including any implied

5

finding that acts and omissions were not committed outside the state with an intent to cause tortious effects in California." (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 123.) All reasonable references are drawn in support of the trial court's order. (*Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 17.)

## II.

### *Governing Principles*

California courts may exercise jurisdiction on any basis that is consistent with the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.) Jurisdiction is proper if a defendant has minimum contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*International Shoe Co. v. State of Washington, etc.* (1945) 326 U.S. 310, 316.) Personal jurisdiction can be general or specific. (*Vons, supra,* 14 Cal.4th at p. 445.) "A nonresident defendant may be subject to the *general* jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.' " (*Ibid*.)

If such substantial contacts are lacking, a nonresident defendant may still be subject to *specific* jurisdiction "if the defendant has purposefully availed himself or herself of forum benefits [citation], and the 'controversy is related to or "arises out of" a defendant's contacts with the forum.' " (*Vons, supra,* 14 Cal.4th at p. 446.) The first requirement is met if a defendant " 'purposefully directs' his [or her] activities toward forum residents" (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 473 (*Burger King*)) such that he or she should " 'reasonably anticipate' " being haled into the forum for litigation. (*Id*. at p. 474.) To that end, it is the *defendant's* actions that are material in determining whether there has been sufficient contact with the

6

forum for purposes of jurisdiction and not the unilateral activity of the plaintiff or another party. (*Id.* at p. 475.)

When a defendant moves to quash service based on lack of personal jurisdiction, the plaintiff bears "the initial burden of demonstrating facts by a preponderance of evidence justifying the exercise of jurisdiction in California." (*In re Automobile Antitrust Cases I & II, supra,* 135 Cal.App.4th at p. 110.) In meeting this burden, "[t]he plaintiff must do more than merely allege jurisdictional facts. . . . The plaintiff must provide affidavits and other authenticated documents in order to demonstrate competent evidence of jurisdictional facts." (*Ibid.*) If this initial burden is satisfied, "the burden shifts to the defendant to present a compelling case demonstrating that the exercise of jurisdiction by our courts would be unreasonable." (*Id.* at pp. 110-111.)

## III.

### *Lian Has Not Met Her Initial Burden to Justify the Exercise of Jurisdiction Over Yu.*

Only specific jurisdiction is at issue here. Lian contends that Yu purposefully availed herself of forum benefits to justify the exercise of specific jurisdiction. Specifically, Lian argues that (1) Yu made a call in 2007 that purposefully directed her activities at Lian, a California resident; (2) Yu agreed to a continuing obligation to support Sun, a California resident, with rental income from the Property; and (3) Yu's misconduct against Lian caused harm in California. We are not persuaded this was sufficient to establish minimum contacts for purposes of creating personal jurisdiction.

As an initial matter, the trial court was presented with conflicting evidence as to whether a telephone call occurred in 2007 between Yu and Lian regarding the Property. Lian detailed the 2007 call in a supporting declaration, while Yu in her declaration denied ever speaking to Lian on the

7

phone or discussing the Property with Lian. The trial court acknowledged this conflict and concluded that even assuming the call occurred, it was "not sufficient to create specific jurisdiction." Though it is arguable whether the trial court made an explicit factual finding that a call occurred in 2007, we agree that even assuming the call did occur, it is insufficient to show that Yu purposefully directed her activities at a California resident such that she should reasonably anticipate being haled into court here for litigation.

Lian cites *Moncrief v. Clark* (2015) 238 Cal.App.4th 1000 for the proposition that a single communication may be sufficient to establish personal jurisdiction over a nonresident. There, the court held that Clark, an Arizona attorney, purposefully availed himself of the benefits of California when he made misrepresentations via telephone and email to Moncrief, a California attorney, to facilitate the sale of farm equipment on behalf of Clark's Arizona client. (*Id*. at pp. 1003, 1006.) The court concluded that "while Moncrief and Clark engaged in a single transaction, Clark targeted Moncrief with the specific purpose of inducing Moncrief's client to finalize the purchase of farm equipment in [Arizona.]" (*Id*. at p. 1007.) The court further concluded that "Clark's communications with Moncrief were purposely and voluntarily directed toward California" such that Clark should expect to be subject to jurisdiction in California. (*Ibid*.) As Moncrief's client was a California general partnership, there was no question that Clark knew he was targeting a buyer based in California. (*Id*. at p. 1003.)

Here, Lian's declaration stated only that she received a call from *Lesheng* while Lesheng was in China, and that Yu was also on the call. It is unclear whether Yu played any role in initiating that call or perpetrating the fraud that was the alleged purpose of the call. Yu had lived in China from birth until approximately December 2014, and later lived in California for

8

five months in 2014 and 2015 as an international student, and then moved and took up permanent residence in North Carolina. Aside from the 2007 call that Yu disputes occurred, Yu has spoken to Lian only twice; once at a Christmas party in 2014 and once at a family party in 2015. According to Lian, it was Lesheng who initiated the call to Lian while on a visit to Beijing in 2007 and, with Yu present, represented that there was a new local rule in Beijing that prohibited property rentals by non-resident owners and assured Lian that Yu could hold the Property for her. Yu confirmed Lesheng's statements and assurances. On this thin record, we cannot say that Yu "purposefully directed" her activities towards a California resident such that she should "reasonably anticipate" being haled into a California court. (*Burger King, supra*, 471 U.S. at pp. 473-474.)

Indeed, as the high court held, in establishing specific jurisdiction over a nonresident defendant, "the plaintiff cannot be the *only* link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." (*Walden v. Fiore* (2014) 571 U.S. 277, 285 (*Walden*), italics added.) Here, the 2007 call with Lian cannot form the basis of specific jurisdiction where Yu did not otherwise engage in any conduct to establish a necessary connection between herself and the forum. Her brief residence in California seven years later and once yearly visits to her family in California, which have no apparent connection with the alleged fraud, does not provide that connection for purposes of specific jurisdiction, and Zhang does not argue otherwise.

Nor are we persuaded by Lian's second argument that Yu's minimum contacts with the forum were established by her ongoing obligation to support Sun, a California resident, with rental income from the Property. First, the

9

trial court found that in 2007, Sun sold the Property to Lesheng who then sold the Property to Yu. The court made no mention or findings as to whether there were any support obligations between Yu and Sun with respect to income from the Property. Second, the complaint itself alleges that it was Lesheng who took over management of the Property and gave Sun money from the Property's rental income. Moreover, there is no evidence that Yu sent any funds on a regular basis (or any basis) to Sun or anyone else in California. Lian has not met her burden in demonstrating facts sufficient to establish the necessary connection between Yu and California.

Lian attempts to analogize the facts here to those in *Gilmore Bank v. AsiaTrust New Zealand Ltd.* (2014) 223 Cal.App.4th 1558. There, the court held that the "purposeful availment" requirement for specific jurisdiction was met where there was a " ' "latticework" ' " of contacts that linked the nonresident defendant to California, including *many* calls to California, the execution of legal documents in California, continuous payments from the defendant to California, as well as a "continuing receipt by [defendant] of compensation from the California trustee of a California trust." (*Id.* at p. 1573.)

Lian contends that Yu likewise had continuing contacts with California because Lian paid for the Property, Sun held title to it and received rental income from it for many years. However, Lian overlooks the critical rule that "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." (*Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 U.S. 408, 417.) In *Gilmore Bank*, it was the *defendant's* many activities with California that established the necessary connection with the forum. Here however, Lian cites mainly to

the unilateral activity of two California residents (herself and Sun) with respect to the Property, but this fails to show that Yu herself directed any activity toward California.

Lastly, Lian contends that Yu's misconduct against Lian caused harm in California. The only harm Yu allegedly caused however, was harm to Lian. As discussed above, Lian as the plaintiff "cannot be the only link between the defendant and the forum." (*Walden*, *supra,* 571 U.S. at p. 285.) Though Lian cites to *Calder v. Jones* (1984) 465 U.S. 783 to support that activity that causes harm to be suffered in California is sufficient, the high court in *Walden* clarified its earlier holding that "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." (*Walden, supra,* 571 U.S. at p. 290.) Thus, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." (*Ibid*.) That Lian was a California resident harmed by Yu's conduct is insufficient to establish a connection between Yu as a nonresident and California where the dispute involves property in China and related property transfers that all took place in China.

Since Lian has not met her burden in showing that Yu purposefully availed herself of forum benefits, we need not reach the second question of whether the controversy relates to or arises out of defendant's contacts with the forum for purposes of establishing specific jurisdiction.

### DISPOSITION

The judgment is affirmed. Yu shall recover her costs on appeal.

11

                                          _____
                                          STEWART, P.J.

We concur.


_____
RICHMAN, J.


_____
MILLER, J.

*Zhang v. Yu* (A163811)