Filed 7/29/25  Weiss v. Horowitz CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARVIN H. WEISS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PHILIP M. HOROWITZ,<br><br>    Defendant and Respondent. | B338211<br><br>(Los Angeles County<br>Super. Ct. No.<br>23SMCV05467) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Jay Ford, III, Judge.  Affirmed.

Marvin H. Weiss, in pro. per.; and Law Offices of Marvin H. Weiss for Plaintiff and Appellant.

Venable, Ben D. Whitwell and Melissa C. McLaughlin for Defendant and Respondent.

_____

Plaintiff and appellant Marvin H. Weiss (Weiss) appeals from the trial court's order granting the motion of defendant and respondent Philip M. Horowitz (Horowitz) to quash service of summons for lack of personal jurisdiction. We affirm.[1]

## BACKGROUND

### I. *The Complaint*

On November 17, 2023, Weiss filed a verified complaint asserting causes of action for libel, intentional interference with contractual relations, and negligence against Horowitz and Venable LLP (Venable).[2]

The complaint alleged the following:

Weiss is an attorney licensed to practice in California and New York. Venable, a law firm, entered into a retainer agreement in 2018 and a revised retainer agreement in 2020 with Elliot B. Lander, Mark Berman, Sean Berman, and Cell Surgical Network Corporation (collectively FDA Defendants), who were Weiss's "long-held clients[.]"

The FDA Defendants retained Venable to defend them in a federal action brought by the United States Food and Drug Administration (FDA Lawsuit). Thomasina Poirot (Poirot) was one of the Venable attorneys working on the matter. Venable was later replaced by a different law firm to represent the FDA Defendants in the FDA Lawsuit.

In March 2022, the FDA Defendants were sued in the State of Washington (Washington Lawsuit), based on the alleged

---

[1]     We hereby grant Weiss's motion for judicial notice filed on May 27, 2025. (Evid. Code, §§ 452, subd. (d), 459.)

[2]     Venable is not a party to this appeal.

2

negligence of Tami Meraglia (Meraglia), an affiliate of Cell Surgical Network Corporation, and others.  Venable, through Poirot, improperly undertook the representation of Meraglia without the informed consent of the FDA Defendants.  Meraglia's interests "were initially potentially and eventually actually adverse to the interests of the FDA Defendants[.]"

Poirot misled Weiss to believe that the plaintiff in the Washington Lawsuit was "the common enemy" of Meraglia and the FDA Defendants.  Weiss sent Poirot letters in March and April 2022 regarding her misconduct.  Weiss also exchanged letters with Venable's firm counsel, G. Stewart Webb, Jr., in May 2022 regarding the representation of Meraglia.

Horowitz is an attorney and partner at Venable.  On November 21, 2022, Horowitz "improperly communicated" with some of the FDA Defendants, writing in an e-mail:  "I've attached a copy of Stewart Webb's letter to Marvin Weiss on May 24, 2022, which addresses Mr. Weiss' groundless assertions."  Horowitz made this false statement knowing that Weiss represented the FDA Defendants.

Relevant to jurisdiction, the complaint alleged that Horowitz is "an attorney at law duly licensed by the State of California" and, at all relevant times, "maintain[ed] business offices in" and "resid[ed]" in Los Angeles County.

II.  *Horowitz's Motion to Quash Service of Summons*

On February 1, 2024, Horowitz filed a motion to quash service of summons for lack of personal jurisdiction.  Horowitz argued that the trial court lacked general jurisdiction over him because he was domiciled in Florida, not California.  The court also lacked specific jurisdiction because the allegedly defamatory

3

e-mail sent by Horowitz on November 21, 2022, was insufficient to establish his purposeful availment of California.

In support, Horowitz submitted a declaration in which he averred that he was a partner assigned to Venable's Washington, DC office; he had never been assigned to Venable's Los Angeles office. He was licensed to practice law in the District of Columbia and Virginia; he had never been licensed to practice in California. He was domiciled in Naples, Florida, where he had resided since 2016. He had never resided in California, been employed in California, registered to vote in California, held a California driver's license, or owned real estate in California.

Regarding the November 21, 2022, e-mail, Horowitz declared that he had sent it to "Venable's former clients from the FDA Lawsuit" in his capacity "as the chair of the Accounts Receivable Steering Committee to engage in collection efforts on behalf of Venable when clients or former clients have outstanding unpaid invoices." Horowitz had not been involved in the FDA Lawsuit or the Washington Lawsuit.

III. *Weiss's Opposition*

In his opposition to the motion to quash, Weiss conceded that he "was mistaken in his belief that H[orowitz] was domiciled and licensed to practice law in California." He also "recognize[d] that H[orowitz]'s contact with California likely [wa]s not sufficiently 'substantial, continuous, and systematic' to support the . . . assertion of general personal jurisdiction."

Weiss argued that the trial court nevertheless possessed specific jurisdiction over Horowitz because Horowitz had communicated directly to California residents with the intent to harm the professional reputation of Weiss, a California resident.

4

In the event the trial court found the facts insufficient to assert specific jurisdiction, Weiss requested a continuance of the motion to quash hearing to conduct jurisdictional discovery. "Such discovery would include inquiries regarding H[orowitz]'s knowledge of V[enable]'s prior representation of [the FDA Defendants], the extent of his presence in V[enable]'s California offices, the extent of his involvement in collection efforts in California, and other indicia of his contacts in California."

In an accompanying declaration, Weiss averred that Horowitz's e-mail strained Weiss's relationship with his clients and caused the clients to question their confidence in Weiss's judgment. Weiss also stated that he was "informed and believe[d] that H[orowitz] conduct[ed] extensive and pervasive collection efforts on behalf of V[enable] in California."

IV. *The Trial Court's Ruling*

Following a hearing, on April 18, 2024, the trial court granted Horowitz's motion to quash service of summons. The court observed that Weiss had "not argue[d] or submit[ted] any evidence to demonstrate that the [c]ourt ha[d] general jurisdiction over" Horowitz.

As for specific jurisdiction, the trial court concluded that Weiss had not met "his burden on the purposeful availment prong to show that [Horowitz] expressly aimed or targeted his conduct toward California, with the knowledge that this intentional conduct would cause harm in the forum." Further, Weiss's "conclusive[]" statement that "Horowitz's communication 'harmed Weiss's reputation with his clients'" was "not enough to support specific jurisdiction for a defamation cause of action . . . ."

The trial court denied Weiss's request for jurisdictional discovery, concluding that he had "fail[ed] to identify specific

5

areas of inquiry he would pursue in either a general or specific jurisdictional inquiry as to Horowitz . . . ."

V. *Appeal*

This timely appeal ensued.

## DISCUSSION

I. *The Trial Court Did Not Err in Granting the Motion to Quash*

A. <u>Standards of review</u>

"When a defendant challenges jurisdiction through a motion to quash, the plaintiff bears the burden to demonstrate facts, as to each nonresident defendant, justifying the exercise of jurisdiction by a preponderance of evidence. [Citation.]" (*Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 221–222 (*Strasner*).)

On appeal, we independently review the trial court's legal conclusions bearing on personal jurisdiction. (*Rivelli v. Hemm* (2021) 67 Cal.App.5th 380, 393.) "If the facts giving rise to jurisdiction are conflicting, we will not disturb the trial court's express or implied factual determinations where supported by substantial evidence. [Citation.] 'When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record.' [Citation.]" (*Ibid.*)

B. <u>Relevant law</u>

California courts "may exercise jurisdiction on any basis not inconsistent with the" federal or state Constitution. (Code Civ. Proc., § 410.10.) "Federal constitutional principles require that a nonresident defendant have sufficient ""minimum contacts"" with California to justify the exercise of personal jurisdiction. [Citations.] 'The concept of minimum contacts embraces two types of jurisdiction—general and specific.'

6

[Citation.]" (*ParaFi Digital Opportunities LP v. Egorov* (2025) 108 Cal.App.5th 124, 134 (*ParaFi*).)

### 1. *General jurisdiction*

If an out-of-state defendant's contacts with California "are substantial, continuous, and systematic, the defendant may be subject to California's *general* jurisdiction.  [Citation.]" (*Gilmore Bank v. AsiaTrust New Zealand Ltd.* (2014) 223 Cal.App.4th 1558, 1568 (*Gilmore*).)  "General jurisdiction subjects an out-of-state defendant to suit in a forum state by anyone irrespective of the subject matter of the lawsuit.  [Citation.]" (*Jacqueline B. v. Rawls Law Group, P.C.* (2021) 68 Cal.App.5th 243, 252 (*Jacqueline B.*).)

### 2. *Specific jurisdiction*

"If general jurisdiction is not established, a nonresident defendant may still be subject to California's *specific* jurisdiction . . . .  [Citation.]" (*Gilmore, supra*, 223 Cal.App.4th at p. 1568.)  Specific jurisdiction hinges on "the '"relationship among the defendant, the forum, and the litigation."'  [Citations.]" (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 (*Pavlovich*).)

Three requirements must be met for a California court to exercise specific jurisdiction over an out-of-state defendant. (*Pavlovich, supra*, 29 Cal.4th at p. 269.)  "First, the defendant must have *purposefully availed* itself of the state's benefits.  Second, the controversy must be *related to or arise out of* the defendant's contacts with the state.  [Citation.]  Third, considering the defendant's contacts with the state and other factors, California's exercise of jurisdiction over the defendant must comport with *fair play and substantial justice*.  [Citation.]" (*Gilmore, supra*, 223 Cal.App.4th at p. 1568.)  The plaintiff "bears

7

the initial burden of establishing the first two elements by a preponderance of the evidence, and if the plaintiff does so, the out-of-state defendant then bears the burden of convincing the court why the exertion of personal jurisdiction would not comport with fair play and substantial justice. [Citations.]" (*Jacqueline B.*, *supra*, 68 Cal.App.5th at p. 253.)

In intentional tort cases, including libel and business torts, courts apply "an 'effects test' to assess the purposeful availment requirement. [Citation.]" (*Strasner*, *supra*, 5 Cal.App.5th at p. 227, fn. omitted; see also *Pavlovich*, *supra*, 29 Cal.4th at pp. 269–270.)[3] "Under the effects test, specific personal jurisdiction "'may be exercised over a defendant who has caused an effect in the forum state by an act or omission occurring elsewhere.'" [Citations.]" (*ParaFi*, *supra*, 108 Cal.App.5th at p. 138.) "[A] plaintiff must show the defendant committed an intentional act, expressly aimed at or targeting the forum state, with the knowledge that his act would cause harm in the state. [Citations.]" (*Strasner*, *supra*, 5 Cal.App.5th at p. 228.)

C. Analysis

Applying these legal principles, we conclude that Weiss failed to meet his burden of establishing, by a preponderance of the evidence, that Horowitz purposely availed himself of California's benefits. Because specific jurisdiction is defeated on this basis alone, we need not address whether Weiss's claims relate to or arise out of Horowitz's forum-related contacts or whether the exercise of jurisdiction would be fair. (See *Omeluk v.*

---

[3] The effects test is sometimes referred to as the "'purposeful direction' test" (*Strasner*, *supra*, 5 Cal.App.5th at p. 227, fn. 2) or "the '*Calder* effects test' derived from *Calder v. Jones* (1984) 465 U.S. 783" (*Casey v. Hill* (2022) 79 Cal.App.5th 937, 965).

8

*Langsten Slip & Batbyggeri A/S* (9th Cir. 1995) 52 F.3d 267, 270 ["If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law"]; *Safieddine v. MBC FZ, LLC* (2024) 103 Cal.App.5th 1086, 1099 ["We need only consider purposeful availment"].)[4]

The parties agree that the purposeful availment prong in this case is properly analyzed under the effects test. Under the effects test, Weiss was required to show that Horowitz "committed an intentional act, expressly aimed at or targeting" California, "with the knowledge that his act would cause harm in" California. (*Strasner*, *supra*, 5 Cal.App.5th at p. 228; see also *Yue v. Yang* (2021) 62 Cal.App.5th 539, 547 (*Yue*) ["The defendant must expressly aim or target his conduct toward California, with the knowledge that his intentional conduct would cause harm in the forum"].)

The intentional wrongful act alleged in the complaint is the transmission of Horowitz's November 21, 2022, e-mail to some of the FDA Defendants, in which Horowitz referred to "groundless assertions" made by Weiss, the FDA Defendants' attorney. Although the verified complaint alleges that one of the FDA Defendants, Cell Surgical Network Corporation, is "a California Corporation," the record contains no evidence that the individual recipients of the e-mail (apart from Weiss himself) were domiciled in California or received the e-mail while located in California.

---

[4] On appeal, Weiss does not challenge the trial court's finding that he had failed to establish a basis to assert general jurisdiction over Horowitz. Accordingly, Weiss has forfeited any claim of error in that respect. (See *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived"].)

9

The evidence is thus insufficient to establish that the e-mail was "expressly aimed at or target[ed]" California. (*Strasner, supra,* 5 Cal.App.5th at p. 228.)

But even if we were to assume that the FDA Defendants were Californians who received the communication in California, we would still conclude that the content of Horowitz's November 21, 2022, e-mail is not sufficiently California-focused to create a substantial connection between Horowitz and California. (See *ParaFi, supra,* 108 Cal.App.5th at p. 138 ["under the effects test, specific jurisdiction lies '*only* if [the defendant's] suit-related conduct creates a *substantial connection* with that state'"].) The assertions described as "groundless" by Horowitz in the e-mail relate to Venable's representation of Meraglia, a third party, in litigation in *Washington* state court and Venable's former representation of the FDA Defendants in a *federal* court action.

Our conclusion is unaffected even if we credit Weiss's assertion that he suffered reputational harm with his California clients,[5] because "merely asserting that a defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the effects test. [Citations.]" (*Pavlovich, supra,* 29 Cal.4th at

---

[5] This assumption renders moot Weiss's argument that the trial court erred in finding that his declaration regarding the e-mail's effect on his relationship with the FDA Defendants lacked foundation. (See *ParaFi, supra,* 108 Cal.App.5th at p. 135 ["[O]n appeal from an order granting a motion to quash, the court's ruling 'must be affirmed even if "'given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'"' [Citations.]"].)

10

pp. 270–271.) "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." (*Walden v. Fiore* (2014) 571 U.S. 277, 290.) Given the lack of other connections to California, any harm suffered by Weiss in California is "'too unfocused to justify personal jurisdiction.' [Citation.]" (*Pavlovich*, *supra*, 29 Cal.4th at p. 272.)

The two cases upon which Weiss relies heavily—*Yue*, *supra*, 62 Cal.App.5th 539 and *Moncrief v. Clark* (2015) 238 Cal.App.4th 1000 (*Moncrief*)—do not compel a different result.

In *Yue*, the suit-related conduct of the defendant, a Canadian resident, created a substantial connection with California sufficient to establish specific jurisdiction. (*Yue*, *supra*, 62 Cal.App.5th at pp. 542–543, 547–548.) The defendant had communicated directly with the plaintiff, a known California resident, and posted on "a website owned and operated by a[nother] California resident that had a California audience." (*Id.* at p. 547.) Not only did the "plaintiff offer[] uncontradicted evidence . . . that California residents read the allegedly defamatory postings" (*id.* at p. 549), but the "posts had a California focus" (*id.* at pp. 547–548) in that they "repeatedly referred to California, suggested California criminal liability, and threatened a California visit by" the defendant (*id.* at p. 549). Specifically, the defendant "threatened to 'bully' [the] plaintiff in California and communicated his plan to travel to San Francisco. [The defendant] also announced that he had 'arrived in California' and urged his 'collaborators' to join him." (*Id.* at p. 548.) Here, in contrast, Horowitz's e-mail contained no such California-focused statements.

11

In *Moncrief*, the Court of Appeal found purposeful availment where an out-of-state attorney made allegedly false representations to a California-based attorney to induce the purchase of farm equipment by the California attorney's California client. (*Moncrief, supra*, 238 Cal.App.4th at pp. 1003, 1006–1007.) The out-of-state attorney's "representations were made with the sole purpose of facilitating the sale . . . ." (*Id.* at p. 1007.) Unlike here, the out-of-state attorney intentionally and directly targeted a Californian to induce a transaction affecting California. Having obtained a specific benefit related to California, the out-of-state attorney should have anticipated being sued there. The same cannot be said of Horowitz, who did not avail himself of California's benefits.

## II. *The Trial Court Did Not Abuse Its Discretion in Denying Jurisdictional Discovery*

Weiss also challenges the trial court's denial of his request for a continuance to conduct jurisdictional discovery.

"Because plaintiffs bear the burden of showing facts justifying the existence of jurisdiction in California, they are 'entitled to an opportunity' to conduct relevant discovery. [Citation.] But 'to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff should demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction.' [Citation.] A ruling on a request for jurisdictional discovery 'lies in the trial court's discretion' and will not be disturbed on appeal 'unless we find a manifest abuse of that discretion.' [Citation.]" (*ParaFi, supra*, 108 Cal.App.5th at pp. 141–142.)

Weiss identified the following lines of inquiry he would pursue if allowed to conduct discovery: (1) "H[orowitz]'s

12

knowledge of V[enable]'s prior representation of [the FDA Defendants]"; (2) "the extent of [Horowitz's] presence in V[enable]'s California offices"; (3) "the extent of [Horowitz's] involvement in collection efforts in California"; and (4) "other indicia of [Horowitz's] contacts in California."

We find no abuse of the trial court's discretion because discovery into these matters "would not likely produce facts supporting California's exercise of jurisdiction, either general or specific." (*ParaFi*, *supra*, 108 Cal.App.5th at p. 143.) The trial court could reasonably conclude that Horowitz's knowledge of his firm's former representation of the FDA Defendants, his presence in the firm's California offices, or his involvement in collection efforts in California—no matter how extensive—would not likely support jurisdiction. (See *Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 486–487 [no abuse of discretion in denying request for continuance to conduct jurisdictional discovery into whether the defendant "was engaged in 'substantial lending activities in California[,]'" because it was not "likely to produce evidence of additional California contacts by [the defendant] relating to this transaction"].)[6]

---

[6]     Weiss's reliance on *Hall v. LaRonde* (1997) 56 Cal.App.4th 1342 and *West Corp. v. Superior Court* (2004) 116 Cal.App.4th 1167 is unavailing. Neither case analyzed jurisdictional discovery.

13

## DISPOSITION

The order granting the motion to quash service of summons is affirmed.  Horowitz is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON